*T. F. Hallam, for appellant.*

*J. F. & C. H. Fisk, for appellees.*

---

### C. L. HARRIS *v.* R. H. MAY ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—253.]

**Sale of Real Estate by Bond.**

Where A purchases real estate from B and receives a bond for a deed and pays B the purchase-price, and B by fraud or mistake conveys or causes said real estate to be conveyed to his own wife and children, B becomes liable to A for such purchase-price; and where A agrees to surrender his claim for $15 more than such original price B is liable for such excess as well as such original purchase-price.

### APPEAL FROM LIVINGSTON CIRCUIT COURT.

September 14, 1882.

OPINION BY JUDGE LEWIS:

It is evident from all the circumstances in this case that when appellant, Harris, sold the three acres of land by verbal contract to J. C. Barnett, put him in possession and received the purchase-price in full, that he agreed and also had the power to

cause a good title to the land to be made to him. It is also evident that without the knowledge or consent of Barnett and in violation of the terms of the sale to him appellant subsequently procured his vendors, whose title bond he held, to convey to his own wife and children the entire tract of 96 acres, including the 3 acres previously sold by him to Barnett. Whether this was done fraudulently or by mistake is immaterial.

The price at which Barnett resold the 3 acres to appellant, for which the note sued on was given, is only $15 in excess of what Barnett paid to him for the same land, not enough to cover interest and taxes. The practical effect of the judgment rendered by the court below in favor of Barnett's assignee is, therefore, merely a rescission of the original contract of sale by appellant to Barnett and the repayment of what Barnett paid for the land in the first instance, and to that Barnett was clearly entitled when appellant caused the title to be conveyed to his wife and children. At least, appellant should not now be heard to plead as a defense to the action upon the note a want of title in Barnett, which if true is the result of his own wrong.

We are also of the opinion that the circuit court correctly decided that the claims pleaded as off-sets to the note by appellant should be applied as credits upon the account held by Barnett against him and not deducted from the amount of the note.

Wherefore the judgment is *affirmed*.

*W. D. Greer, C. L. Harris, for appellant.*

*Handlin & Webb, for appellees.*